Argued before FREEDMAN and TRUAX, JJ.

*Shipman, Barlow, Larocque & Choate,* for appellant. *S. H. Randall,* for respondent.

PER CURIAM. Upon the whole case no error appears which constitutes ground for reversal; nor can it be held that the verdict is excessive. The judgment and order should be affirmed, with costs.

---

HUXFORD, Respondent, *v.* STODDART, Appellant.

(*Superior Court of New York City, General Term.* June 27, 1890.)

Appeal from jury term.

Action by Samuel H. Huxford against Matilda S. Stoddart.

Argued before FREEDMAN and O'GORMAN, JJ.

*Alex. Thain* and *George William Hart, Jr.,* for appellant. *Truax & Crandall,* for respondent.

FREEDMAN, J. This is an action to recover for services as a real-estate broker in procuring for the defendant a purchaser of her farm and of certain personal property. Plaintiff's claim that he was procuring cause of the sale, under an employment as broker for that purpose, appears to have been sharply contested at the trial, and it was submitted to the jury under a charge which carefully guarded all the rights of the defendant. The record discloses no error constituting, under the circumstances of the case, ground for reversal. The judgment and order should be affirmed, with costs.

---

IRWIN, Appellant, *v.* Brown *et al.,* Respondents.

(*Superior Court of New York City, General Term.* June 27, 1890.)

Appeal from special term.

Action by Robert J. Irwin against Edward M. Brown and another.

Argued before FREEDMAN and TRUAX, JJ.

*Martin & Smith,* for appellant. *Hoffman Miller,* for respondents.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.

---

NOLTE, Respondent, *v.* MANHATTAN RY. Co., Appellant.

(*Superior Court of New York City, General Term.* June 27, 1890.)

Appeal from jury term.

Action by Albert Nolte against the Manhattan Railway Company.

Argued before FREEDMAN and TRUAX, JJ.

*Davies & Rapallo,* for appellant. *Charles Steckler,* for respondent.

FREEDMAN, J. The record discloses no error which under all the circumstances constitutes ground for reversal, nor can it be held that the verdict is excessive. The judgment and order should be affirmed, with costs.

---

PETERSON, Appellant, *v.* SWAN, Respondent.

(*Superior Court of New York City, General Term.* June 27, 1890.)

Appeal from jury term.

Action by John Peterson against John Swan.

Argued before FREEDMAN and INGRAHAM, JJ.

*Hart & Price*, for appellant.   *Hill, Wing & Shoudy*, for respondent.

PER CURIAM.   The judgment should be affirmed, with costs.   See 53 N. Y. Super. Ct. Rep. 151.

---

### WHITE, Respondent, *v.* REED *et al.*, Appellants.

*(Superior Court of New York City, General Term.   June 27, 1890.)*

Motion to resettle order dated first Monday of December, 1887.

Action by George W. White against Mary Reed, as executor, etc., and another.

Argued before FREEDMAN and INGRAHAM, JJ.

PER CURIAM.   The order should be resettled so as to read as follows: "With costs to the appellants to abide the event, and, in case the plaintiff should finally succeed in the action, such costs are to be set off against any judgment which may be recovered against the defendants or either of them by the plaintiff in this action."

---

### WILLS, Appellant, *v.* UNION BOTTLING CO., Respondent.

*(Superior Court of New York City, General Term.   June 27, 1890.)*

Appeal from jury term.

Action by William Wills against the Union Bottling Company.

Argued before TRUAX and O'GORMAN, JJ.

*Hatch & Warren*, for appellant.   *Morgan & Warren*, for respondent.

TRUAX, J.   The action was brought by the plaintiff to recover a certain sum of money for a balance alleged to be due to the plaintiff from the defendant for unpaid salary as treasurer of the defendant.   It was alleged in the answer, among other things, that the plaintiff had resigned his position as treasurer and abandoned the defendant's business, and had not offered or tendered his services as treasurer to the defendant since the day of his resignation.   The trial judge correctly stated the only question in the case when he left it to the jury to determine whether the plaintiff, in June, 1883, resigned his office of treasurer.   That question the jury determined against plaintiff, and, as there was evidence to warrant such determination, the judgment and order must be affirmed, with costs.   Judgment and order affirmed, with costs.

---

### PFEIFFER, Respondent, *v.* AMERICAN SURETY CO., Appellant.

*(Superior Court of New York City, General Term.   June 28, 1890.)*

Appeal by defendant from judgment entered on verdict of jury.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Stickney & Shepard*, for appellant.   *F. F. Nugent* and *Wm. H. Arnoux*, for respondent.

PER CURIAM.   Judgment affirmed, with costs.

---

### AUSTIN, Appellant, *v.* VROMAN, Respondent.

*(Supreme Court, General Term, Fourth Department.   May 2, 1890.)*

Judgment reversed, and new trial ordered, with costs to abide event. Leave given to appeal to the court of appeals.